UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. PE:21-CR-00156-DC-2 |
| | § | PE:22-CV-00042 |
| (2) CORNELIA SHIREY | § | |

## ORDER

BEFORE THE COURT is Defendant Cornelia Shirey's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence (hereafter, "Motion to Vacate"), filed under 28 U.S.C. § 2255.[1] After due consideration, Defendant's Motion to Vacate shall be **DENIED**. (Doc. 74).

### I. BACKGROUND

On July 14, 2021, Defendant pleaded guilty without a plea agreement to one count of conspiracy to transport illegal aliens ("Count One") and one count of aiding and abetting the transportation of illegal aliens ("Count Two").[2] On October 26, 2021, Defendant was sentenced to ten (10) months' imprisonment on Count One, and ten (10) months' imprisonment on Count Two, to run concurrently.[3]

Defendant filed *pro se* her Motion to Vacate on October 17, 2022. The Government filed a Response on January 8, 2023.[4] Defendant has not filed a Reply. This case is now ripe for disposition.

---

[1] (Doc. 74).
[2] (Docs. 54, 56).
[3] (Doc. 70). According to the Bureau of Prisons website, Defendant was released from federal custody for these counts on December 23, 2022. https://www.bop.gov/inmateloc/ (select "Find By Name"; search for "Cornelia Shirey"; click "Search"). The Government asserts that, with Defendant no longer being a federal inmate, her petition is moot. (Doc. 80 at 3). Defendant, serving a term of supervised release, has since been apprehended in federal custody for other charges, mooting and ironizing the Government's argument. (Doc. 85). Even if she had not and were still on supervised release, Defendant's § 2255 motion would not be moot on this basis alone. *United States v. Sosebee*, 59 F.4th 151, 155 (5th Cir. 2023) (finding motion moot only because defendant had "no remaining supervised release term that may be modified or terminated"); (*see also* Doc. 83).
[4] (Docs. 74, 80).

## II. Legal Standard

Section 2255 permits an inmate serving a post-conviction sentence "to move the court which imposed the sentence to vacate, set aside or correct the sentence."[5] Relief under § 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[6] A motion may be made under § 2255 only on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack."[7] Thus, "[i]n the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"[8]

## III. Discussion

Defendant states four grounds for her § 2255 claim.[9] The first ground concerns ineffective assistance of counsel. Specifically, Defendant asserts that her retained counsel, Brady T. Wyatt, III ("Mr. Wyatt"), told her she "had to plea guilty." Defendant claims that Mr. Wyatt's advice was given even though she had options other than pleading guilty.

Defendant's second ground challenges the accuracy of the information included in the Government's factual basis. She claims that the factual basis and Pre-Sentencing Investigation

---

[5] 28 U.S.C. § 2255(a).
[6] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).
[7] *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (citing 28 U.S.C. § 2255(a)).
[8] *Pillault v. United States*, 371 F. Supp. 3d 325, 330 (N.D. Miss. 2019) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).
[9] The Government contends that most of Defendant's claims were not raised on appeal and are "not of a constitutional magnitude." (Doc. 80 at 6, 7). The Court notes that Defendant did not appeal her sentence or conviction. For posterity, however, the Court will address each of Defendant's grounds on their merits.

Report ("PSR") "both state different inconsi[stencies]" and "prove" she was not a leader or organizer as charged.

Defendant's third ground asserts that Count Two was procured only under "false accusations." She claims that her sister-in-law and co-Defendant Maria Socorro Avila ("Avila") is actually the "boss" in charge of the operation.

Defendant's fourth ground pertains to the PSR's offense conduct section. Defendant alleges again that the PSR contains inconsistencies, specifically as it relates to the number of illegal aliens purportedly transported.

Defendant did not present any of these grounds in court prior to the Motion to Vacate.[10] For these errors, Defendant requests the Court vacate Count Two and "correct" her guidelines and sentencing.[11]

### A.   Necessity of An Evidentiary Hearing

The Court must first conduct a preliminary review of the § 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion."[12] After the Court reviews the Government's response and any transcripts of prior proceedings, the Court must decide whether an evidentiary hearing is warranted.[13]

An evidentiary hearing may be warranted if the defendant "produce[s] independent indicia of the likely merit of his allegations."[14] Thus, a § 2255 motion necessitates an evidentiary hearing "unless either (1) the movant's claims are clearly frivolous or based upon unsupported

---

[10] (Doc. 74 at 5, 6, 8, 9, 10).
[11] (*Id.* at 13).
[12] *Norman v. United States*, 376 F. Supp. 3d 700, 704 (N.D. Miss. 2019) (citing Rule 8, RULES GOVERNING SECTION 2255 PROCEEDINGS) (alteration in original).
[13] Rule 8, RULES GOVERNING SECTION 2255 PROCEEDINGS.
[14] *United States v. Bogomol*, No. 18-11486, -- F. App'x -- , 2021 WL 3620444, at *3 (5th Cir. Aug. 13, 2021) (original alterations omitted) (citing *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006)).

generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true."[15]

As will be discussed below, the Court finds that Defendant's Motion to Vacate can be decided entirely on the pleadings and evidence in the record. In particular, Defendant's claims, upon examination of the record, are meritless and frivolous. An evidentiary hearing is therefore not necessary.[16] Accordingly, the Court shall decline any opportunity for an evidentiary hearing on Defendant's Motion to Vacate.

**B.       Ground One: Ineffective Assistance of Counsel**

Defendant's first ground for relief is that Mr. Wyatt, her retained counsel, ineffectively assisted her in taking a plea.

To prevail on a constitutional ineffective assistance of counsel claim, the defendant under the familiar *Strickland v. Washington* test "must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense."[17] As to deficiency, counsel needed to have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[18] The defendant must show that, "in light of the circumstances as they appeared at the time of the conduct, 'counsel's representation fell below an objective standard of reasonableness' as measured by 'prevailing professional norms'"

---

[15] *United States v. Harrison*, 910 F.3d 824, 826–27 (5th Cir. 2018) (citing *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979))
[16] *See United States v. Tate*, Nos. H-15-631-1, H-18-4234, 2021 WL 2834675, at *8 (S.D. Tex. July 7, 2021); *see also Elliott v. United States*, Nos. 4:16cv621, 2019 WL 3890161, at *7–8 (E.D. Tex. June 26, 2019), *report and recommendation adopted*, Nos. 4:16-CV-621, 4:14-CR11(01), 2019 WL 3858662 (E.D. Tex. Aug. 16, 2019).
[17] *United States v. Guzman*, No. 19-10783, 2021 WL 4610124, at *2 (5th Cir. Oct. 6, 2021) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *United States v. Scott*, 11 F.4th 364, 368 (5th Cir. 2021) (citing *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019)); *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (citing *Strickland*, 466 U.S. at 688).
[18] *Jones v. United States*, 14 F. Supp. 3d 811, 815 (W.D. Tex. 2014) (quoting *Strickland*, 466 U.S. at 687).

in order to satisfy the deficiency prong.[19] There is a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance."[20]

Regarding performance, counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[21] This prong is satisfied by a showing that there is a "reasonable probability . . . sufficient to undermine confidence in the outcome" of a criminal trial that, "but for counsel's unprofessional errors, the result of the proceeding would have been different."[22] Such probability requires a "substantial" as opposed to a "conceivable" likelihood of another result.[23]

In this case, Defendant asserts that Mr. Wyatt was deficient because he told her she "had to" plead guilty when she purportedly did not have to, and that there "was nothing he could do to help [her]."[24] The Government responds that these contentions are conclusory, do not meet the *Strickland* standard, and contradict Defendant's statements.

The Court finds that Defendant's assertions are baseless. At the re-arraignment in anticipation of her guilty plea, the Court, United States Magistrate Judge David Fannin presiding, asked Defendant:

> "You have a right to plead not guilty to the charges against you. Do you understand?"
>
> Defendant: "Yes, sir."
>
> The Court: "If you plead not guilty, you have a right to a trial by jury. Do you understand that you have this very important right?"
>
> Defendant: "Yes, sir."[25]

---

[19] *King v. Davis*, 883 F.3d 577, 586 (5th Cir. 2018) (quoting *Rhoades v. Davis*, 852 F.3d 422, 431 (5th Cir. 2017)).
[20] *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)).
[21] *United States v. Wines*, 691 F.3d 599, 606 (5th Cir. 2012) (citing *Strickland*, 466 U.S. at 687).
[22] *United States v. Lagos*, 25 F.4th 329, 335–36 (5th Cir. 2022) (internal citation omitted).
[23] *Wines*, 691 F.3d at 604.
[24] (Doc. 74 at 5).
[25] (Doc. 79 at 17:8–15).

The Court apprised Defendant of all her other rights, such as the right to assistance of counsel at trial; the presumption of innocence at trial; the Government's burden of proof; and the rights to cross-examine and call witnesses.[26] Thus, Defendant was clearly informed of her rights and the alternatives to pleading guilty without a plea agreement. Even if Mr. Wyatt should have but failed to so inform her, because the Court itself secured this information prior to Defendant pleading guilty, Defendant cannot prove prejudice on this ground.

Before Defendant entered into a guilty plea, even at re-arraignment, she still had the opportunity to refuse a plea and go to trial. She was duly informed of this by the Court, but still proceeded with the plea and affirmed her knowledge of her rights under oath. It therefore cannot be said that Defendant was prejudiced by the lack of knowledge of her options, since she was informed of them before it was too late to exercise them.[27] Nor can it be said that, but for Mr. Wyatt's alleged failure, the outcome would have been any different. Defendant indicates no other conceivable prejudice that she experienced as a result of Mr. Wyatt's alleged failure to inform her. She has therefore not met her burden on the ineffective assistance of counsel claim. The Motion to Vacate is **DENIED** as to Ground One.

C.     **Ground Two: Inconsistencies in PSR and Factual Basis as to Role**

Defendant second ground for relief is that the PSR and the factual basis are inconsistent and prove she was "not a leader/manager/organizer" in the crimes charged. She characterizes herself as "simply a person . . . helping [her] sister-in-law [and co-Defendant]" Avila. According to Defendant, she only acted "blindly[,] not knowing the nature of things transpiring."[28]

---

[26] (*Id.* at 17–18).
[27] *Accord Trevino-Vasquez v. United States*, Nos. 7:11-CV-270, 7:09-CR-04-1, 2015 WL 13546109, at *6 (S.D. Tex. Jan. 9, 2015) (denying ineffective assistance claim because "the Court fully informed Movant of his rights . . . at his re-arraignment").
[28] (Doc. 74 at 6).

This statement runs counter to Defendant's earlier understanding of her role in the alien smuggling operation. As Defendant pleaded guilty, she signed a factual basis provided by the Government, which noted that Defendant purportedly "told [other smugglers] that she [Defendant] and her brother coordinate alien smuggling schemes and asked them if 'they wanted to make some money driving people from south Texas.'"[29] Defendant's signing of the factual basis equates to a stipulation to these facts, as she stated at the re-arraignment.[30] If she and her brother coordinated smuggling schemes and made offers to other smugglers to partake in their illicit operation, it is difficult to see how Defendant was but a mere bystander caught in the migration crossfire.[31] Further, Defendant does not cite to any statements in the PSR which may conflict with the factual basis. In fact, the PSR affirms that the justification for her charges is Defendant's recruitment of the other smugglers.[32] If there are inconsistencies between the PSR and the factual basis, they are not otherwise readily apparent.

Plainly, Defendant's argument on this ground contradicts her own prior stipulations and has no basis in fact. Therefore, the Motion to Vacate is **DENIED** as to Ground Two.

D.   **Ground Three: False Accusations**

Defendant's third ground suggests that Count Two, aiding and abetting the transportation of illegal aliens, was based on false accusations. Defendant explains that Avila, her sister-in-law and co-Defendant, was actually the "boss" and provided the other smugglers "with a place to stay, money to spend, and directions on how to do the job."[33]

---

[29] (Doc. 55 at 2).
[30] (Doc. 79 at 21); *see United States v. Calderon*, 665 F. App'x 356, 362 (5th Cir. 2016) (unpublished); *United States v. Morrison*, Nos. MO-10-CR-135(1), MO-14-CV-071, 2016 WL 5886697, at *35 (W.D. Tex. Aug. 10, 2016).
[31] *See United States v. Hunte*, 196 F.3d 687, 692 (7th Cir. 1999).
[32] (Doc. 63-1 at 2 ("[T]he [other smugglers] were recruited and acted under the direction of [Defendant].")).
[33] (Doc. 74 at 8).

7

As noted in the Court's discussion of Ground Two, Defendant stipulated to the facts outlined in the Government's factual basis. In other words, Defendant agreed that she was involved in coordinating the other smugglers' activities in at least one smuggling event. Defendant elsewhere, according to the factual basis, also kept a recreational vehicle ("RV") on her property. The other smugglers stayed at the RV, at which Defendant paid them money for their services.[34] Her statements here that she played no role in housing the other smugglers thus contradict her earlier stipulations.

Lastly, Defendant does not explain which statements or accusations were false. The factual basis mirrors Defendant's claim that Avila was indeed the "Jefa," "Patrona," and "Boss." Defendant has not supplied authority showing that aiding and abetting of the transportation of illegal aliens requires one to be the sole leader of an operation to be charged. Even if Defendant were not the "boss," therefore, Defendant could still be charged as she was. With no explanation of the basis of her claim for relief, relief cannot be granted.

The Motion to Vacate is **DENIED** as to Ground Three.

E.     **Ground Four: Inconsistencies in Aliens Smuggled**

In a similar vein to Ground Two, Defendant claims that there are inconsistencies in the factual basis and PSR as to the number of aliens smuggled and of the occurrences of smuggling events. She claims that the PSR states suggests she was involved in only two smuggling events involving eight illegals each, for a total of sixteen illegals. Defendant contends the factual basis lists three smuggling events featuring "five to eight," "approximately six," and eight illegals, resulting in a range of nineteen to twenty-one.[35]

---

[34] (Doc. 55 at 1–2).
[35] (Doc. 55 at 1–3).

The Court is not convinced that these "errors," if they exist at all, prejudice Defendant. As the Government notes, the PSR credited Defendant with the smuggling of nineteen aliens across two events.[36] The factual basis appears to indicate that there were three events with nineteen to twenty-one illegals smuggled.[37] Despite these apparent "inaccuracies," the materiality of which is not explicated by Defendant, Defendant said under oath at the re-arraignment that the facts as set forth in the factual basis were correct.[38] Although the PSR was prepared after Defendant pleaded guilty and affirmed the facts of the factual basis, the PSR gives her credit for transporting fewer illegals over fewer events than even the factual basis asserts. It is thus unclear how this would prejudice or negatively affect Defendant in any way.

Defendant's request for "guideline" and sentencing adjustment is likewise baseless. She does not point to what she believes would be a more appropriate guideline for her sentence. The guidelines, if her illegals and smuggling events counts were adjusted as requested, do not provide for any adjustment. In particular, the offense level recommended in the PSR and guidelines would remain the same whether Defendant transported sixteen, nineteen, or twenty-one illegals.[39] If they somehow did, it would certainly not be in her favor. Defendant does not suggest otherwise.

Therefore, the Motion to Vacate is **DENIED** as to Ground Four.

F.     **Ground "Five": Immigration Consequences**

Though not a directly stated ground for relief, Defendant claims that she "was never warned that if [she] plead[s] guilty [she] will be facing deportation."[40] This is plainly

---

[36] (Doc. 63 at 5).
[37] (Doc. 55).
[38] (Doc. 79 at 21).
[39] U.S. Sent'g Guidelines Manual § 2L1.1(b)(2) (U.S. Sent'g Comm'n 2018) (increasing offense level by three for violations involving anywhere from six to twenty-four illegals).
[40] (Doc. 74 at 13).

contradicted by Defendant's own statements. At the re-arraignment, Defendant told the Court she had discussed with Mr. Wyatt "the effects or consequences" of the guilty plea on her immigration status. Mr. Wyatt also mentioned that he and Susana Reyes, Defendant's immigration attorney, discussed the "potential impact of th[e] plea o[n] her immigration status," and the possibility of her being "deported." The Court admonished Defendant as well that, following her plea, she "will more than likely be deported and removed from the United States." Nevertheless, she confirmed that she still wished to plead guilty.[41] Beyond the re-arraignment, an affidavit by Mr. Wyatt explains that he and Ms. Reyes warned Defendant "several times" of the immigration impacts of her guilty plea.[42] Defendant's arguments of ignorance are contradictory to the facts in this case and are insufficient to warrant relief.

Therefore, the Motion to Vacate is **DENIED** to the extent it asserts an additional ground for ignorance of her immigration consequences.

### G.     Certificate of Appealability

Defendant has not yet moved for a certificate of appealability from this Court, but the Court can nevertheless consider whether this case's merits warrant granting one at this stage.[43] Federal Rule of Appellate Procedure 22 provides that an appeal to the Fifth Circuit may not be taken from a final order in a habeas corpus proceeding unless the Fifth Circuit itself issues a certificate of appealability.[44] Rule 11 of the Federal Rules Governing Section 2255 Cases mandates that, upon entering a final order adverse to the applicant, the Court "issue or deny a certificate of appealability."[45]

---

[41] (Doc. 79 at 9, 10, 11).
[42] (Doc. 80-1 at 2).
[43] *See Perez v. Cockrell*, 77 F. App'x 201, 203 (5th Cir. 2003) (internal citations omitted).
[44] *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1)(A).
[45] *Morrison v. United States*, No. MO: 10-CR-00135(1)-RAJ-DC, 2015 WL 12645590, at *24 (W.D. Tex. Apr. 2, 2015) (citing Rule 11, RULES GOVERNING SECTION 2255 PROCEEDINGS).

In order to obtain a certificate of appealability, the petitioner must make a "substantial showing of the denial of a constitutional right."[46] This determination requires an "overview of the claims in the habeas petition and a general assessment of their merits."[47] "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[48] Nevertheless, a district court may deny a certificate of appealability sua sponte without prior brief or argument.[49]

Here, the Court has concluded that all of Defendant's grounds for relief are meritless. It follows that reasonable jurists could not conclude otherwise.[50] Accordingly, a certificate of appealability for Defendant shall be **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate shall be **DENIED**. (Doc. 74).

Further, it is **ORDERED** that the Motion to Vacate is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability will not issue in this case.

It is so **ORDERED**.

SIGNED this 14th day of April, 2023.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[46] 28 U.S.C. § 2253(c)(2).
[47] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).
[48] *United States v. Fields*, 761 F.3d 443, 452 (5th Cir. 2014) (internal citation omitted).
[49] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[50] *See Villegas v. United States*, Nos. M-16-213, -- F. Supp. 3d -- , 2019 WL 1930026, at *5–6 (S.D. Tex. Apr. 3, 2019), *report and recommendation adopted*, Nos. M-16-213, M-06-1089-3, 2019 WL 1930290 (S.D. Tex. Apr. 30, 2019).